159 U.S. 695 (1895)
ANSBRO
v.
UNITED STATES.
No. 588.
Supreme Court of United States.
Argued November 19, 1895.
Decided December 2, 1895.
ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.
Mr. Albert A. Wray for plaintiff in error. Mr. James Emerson Carpenter and Mr. John F. Foley were with him on the brief.
Mr. Assistant Attorney General Whitney for defendant in error.
MR. CHIEF JUSTICE FULLER delivered the opinion of the court.
John Ansbro was indicted for the crime of dumping injurious deposits within the harbor and adjacent waters of New York city, in violation of the act of Congress of June 29, 1888, (25 Stat. 209, c. 496,) was tried before Judge Benedict and a jury in the Circuit Court of the United States for the Southern District of New York, convicted, and sentenced December 20, 1894, to six months' imprisonment. There were six counts in the indictment against him, three of which were waived by the district attorney; he was acquitted upon two and convicted upon the second count alone. The act in question is entitled "An act to prevent obstructive and injurious deposits within the harbor and adjacent waters of New York city, by dumping or otherwise, and to punish and prevent *696 such offences," and has just been referred to in the case of The Bayonne, ante, 687.
By its first section the discharge or deposit of refuse, dirt, ashes, mud, and other specified matter, in the harbor of New York city or adjacent waters within the limits prescribed by the supervisor of the harbor, is forbidden; every such act made a misdemeanor; and every person engaged in or who shall aid, abet, authorize, or instigate a violation of the section, subjected to a punishment therein prescribed. Section two provides that every master and engineer on board of any boat or vessel who shall knowingly engage in towing any scow, boat, or vessel loaded with such prohibited matter to any point or place of deposit or discharge in the waters of the harbor of New York or in its adjacent or tributary waters or in those of Long Island Sound, or to any point or place elsewhere than within the limits defined by the supervisor of the harbor, shall be deemed guilty of a violation of the act, and punished as provided. Section three, under which Ansbro was convicted, is as follows:
"That in all cases of receiving on board of any scows or boats such forbidden matter or substance as herein described, it shall be the duty of the owner or master, or person acting in such capacity, on board of such scows or boats, before proceeding to take or tow the same to the place of deposit, to apply for and obtain from the supervisor of the harbor appointed hereunder a permit defining the precise limits within which the discharge of such scows or boats may be made; and any deviation from such dumping or discharging place specified in such permit shall be a misdemeanor within the meaning of this act; and the master and engineer, or person or persons acting in such capacity, on board of any towboat towing such scows or boats, shall be equally guilty of such offence with the master or person acting in the capacity of the master of the scow, and be liable to equal punishment."
The punishment prescribed by sections one and two of the act consists of fines of not less than $250 or more than $500, or imprisonment not less than thirty days or more than one year, or both.
*697 Ansbro sued out a writ of error from this court, and we are met on the threshold of the case with the question whether we can take jurisdiction. Under section five of the judiciary act of March 3, 1891, appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts directly to this court in any case in which the jurisdiction of the court is in issue and the question of jurisdiction is certified from the court below for decision; in cases of conviction of a capital or otherwise infamous crime; in any case that involves the construction or application of the Constitution of the United States; and in any case in which the constitutionality of any law of the United States is drawn in question.
The offence for which Ansbro was indicted is not punishable by imprisonment for a term of over one year or at hard labor; and persons convicted thereof cannot be sentenced to imprisonment in a penitentiary. Rev. Stat. §§ 5541, 5542. Ansbro was not convicted, therefore, of an infamous crime.
If the jurisdiction of the Circuit Court was in issue, no certificate of such question of jurisdiction to this court for decision appears in the record, and without such certificate the case is not properly here on that ground.
The jurisdiction of this court must be maintained then, if at all, on the ground that this is a case "that involves the construction or application of the Constitution of the United States," or "in which the constitutionality of any law of the United States is drawn in question." But we cannot find that any constitutional question was raised at the trial. Motions to quash, to instruct the jury to find for the defendant, for new trial, and in arrest of judgment were made, but in neither of them, so far as appears, nor by any exception to rulings on the admission or exclusion of evidence, nor to instructions given or the refusal of instructions asked, was any suggestion made that defendant was being denied any constitutional right or that the law under which he was indicted was unconstitutional. The first time that anything appears upon that subject is in the assignment of errors, filed February 13, 1895.
A case may be said to involve the construction or application of the Constitution of the United States when a title, right, *698 privilege, or immunity is claimed under that instrument, but a definite issue in respect of the possession of the right must be distinctly deducible from the record before the judgment of the court below can be revised on the ground of error in the disposal of such a claim by its decision. And it is only when the constitutionality of a law of the United States is drawn in question, not incidentally but necessarily and directly, that our jurisdiction can be invoked for that reason. Borgmeyer v. Idler, 159 U.S. 408; Carey v. Railway Company, 150 U.S. 170; In re Lennon, 150 U.S. 395; Northern Pacific Railroad Company v. Amato, 144 U.S. 465, 472; Sayward v. Denny, 158 U.S. 180. An assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised in the court below and rulings asked thereon, so as to give jurisdiction to this court under the fifth section of the act of March 3, 1891.
Writ of error dismissed.