## SWENSON v. WILSON & BAILLIE MFG. CO.

(Supreme Court, Appellate Division, Second Department. March 24, 1905.)

SERVANT'S INJURIES—LABOR LAW—SCAFFOLDING.

> Where a carpenter employed on the erection of a building was directed to secure planking for his work anywhere he could find it, and certain planking was piled on a platform, and, on going on the platform to secure planking, the servant was injured by its giving away with him, the platform was within Labor Law, § 18 (Laws 1897, p. 467, c. 415), providing that the master shall not furnish or erect for performance of labor in the erection of a house any unsafe scaffolding.

> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 193, 207.]

Action by Peter E. Swenson against the Wilson & Baillie Manufacturing Company. Judgment in favor of defendant, and cause

heard on exceptions directed to be heard in the first instance by the Appellate Division. New trial granted.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Conrad Saxe Keyes, for plaintiff.

Frank Verner Johnson (E. Clyde Sherwood, on the brief), for defendant.

WOODWARD, J. The plaintiff is a carpenter. He was engaged by the defendant in putting in certain temporary arches between the iron girders in a power house in course of construction, for the purpose of affording a foundation for the concrete filling between such girders. He had been at work for some days upon this line of work, and it appears that he had been in the habit of picking up such pieces of planking as he found about the building, and using them across the iron girders, to form a platform for himself in placing these temporary arches. The accident complained of occurred early in the morning, soon after the men had commenced work. A number of different contractors were engaged upon the building, and the plaintiff, according to his version, was preparing his platform to resume work where he had left off on the previous working day. He does not explain why he did not make use of the planks which he had previously used, and which appear to have been just where he left them, but says that he went to a platform, or scaffolding, as he insists upon calling it, where the concreters had stored certain materials, sand, cement, etc., in quest of a plank to be used by himself; that he stepped upon this scaffolding, and that the board which his foot rested upon sank beneath him; and that he fell over upon the ends of the other boards, and these likewise fell, by reason of having no support under the end near where he fell, and by this means he was precipitated to the basement below, sustaining severe injuries. The learned court at Trial Term disposed of the case as one of law, holding that the so-called scaffolding was not a scaffolding, within the intent of the labor law; and, if he was right upon this point, the plaintiff concededly has no cause of action.

The facts, which are not disputed, are that the concreters, who were employed by the defendant, had placed planks 14 to 16 feet in length across the iron girders upon the first floor above the ground, and had covered a space 18 to 20 feet in width, not for the purpose of working upon the same in the construction of the building, but to store the materials used in compounding the concrete, and incidentally for the purposes of a mixing board or platform. It was not designed for the use of the carpenters, and, if the question were an open one, I should hesitate to hold that this mere temporary flooring constituted a scaffolding, within the meaning of the labor law; but since our decision in the case of Welk v. Jackson Agricultural Works, 98 App. Div. 247, 90 N. Y. Supp. 541, there would seem to be no doubt of the character of this structure, and, if the defendant owed the duty of constructing a safe scaffolding for

the use of the plaintiff and his fellow employés, it is difficult to understand how the judgment in this case can be supported. It may be plausibly argued that as this platform was not for the use of the carpenters, and was not necessary for any of the purposes for which the plaintiff was employed, the case does not come within the letter of the statute, which relates to the furnishing or erecting scaffoldings "for the performance of such labor" as the party may have been employed or directed to perform. Section 18, Labor Law (Laws 1897, p. 467, c. 415). But we are disposed to think that the purpose of the Legislature was to impose the duty of constructing safe scaffoldings in and about buildings in the course of construction for the use of those who might be employed in the general work, and that a failure on the part of the master, by which any employé sustains injury, operates to give a cause of action, even though the person so injured was not necessarily upon such platform. In this case the plaintiff testifies that he was directed to get his planking anywhere that he could find it, that there were loose planks upon this platform or scaffolding, and that he went upon the same for the purpose of getting the plank, that he might continue his labors. Just why this was necessary or proper, does not appear, but it may be assumed that he was rightfully there; and, in that event, he had a right to assume that the master had discharged the duty of erecting a safe scaffolding, unless he had knowledge of facts which made the risk known to him, and no such thing is suggested.

The exceptions should be sustained, and a new trial granted.

Plaintiff's exceptions sustained, and new trial granted; costs to abide the event. All concur, except HOOKER, J., not voting.