JAMES MADDEN, Respondent, *v.* JAMES HUGHES et al.,
Appellants.

1. NEGLIGENCE — MASTER AND SERVANT — INJURY TO SERVANT BY
FALL OF SCAFFOLD — WHEN CHARGE NOT ERRONEOUS. Where, upon
the trial of an action to recover for injuries caused by the breaking of a
scaffold, the material of which was defective, upon which the plaintiff
was standing while at work, the court charged that, "Now, about the
only question outside of the plaintiff's own negligence is, was the defend-
ant negligent in furnishing and supplying the plaintiff with a scaffold
which was unsafe and improper and unsuitable, and did not afford pro-
tection to life or limb ? The defendants are absolutely commanded by the
statute to supply workmen with this sort of apparatus; it is their duty to
do it. They have no excuses to offer, and there are none which they can
invoke," the use of the words "they have no excuses to offer and there
are none which they can invoke" does not furnish sufficient grounds for
reversal, where, under a fair construction thereof with the context, such
words did not refer to the duty and liability of the defendants under the
statute, but meant that no excuse had been offered in the evidence by the
defendants and that consequently there was none which they could then
invoke before the jury.

2. SAME — WHEN REFUSAL TO CHARGE AS REQUESTED IS NOT ERRO-
NEOUS. A refusal to charge, as requested, "that if the master directed
the plaintiff to construct it (the scaffold) the master would not be responsi-
ble" is not erroneous where it does not appear from the evidence whether
the failure to discover that the planks, from which the scaffold was con-
structed, were defective, was the fault of the plaintiff, if ordered to con-
struct the scaffold, or whether it was the negligence of the defendant in
furnishing planks which, unknown to the plaintiff, were defective and
unsafe.

*Madden* v. *Hughes,* 104 App. Div. 101, affirmed.

(Argued May 25, 1906; decided June 19, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
April 24, 1905, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action, and the facts, so far as material,
are stated in the opinion.

*Edward W. Norris* for appellants.  The court erroneously charged the jury upon certain questions of law.  (*Hutton* v. *H., etc., Co.*, 139 Fed. Rep. 734 ; *Rotondo* v. *Smyth*, 92 App. Div. 153 ; *Wingert* v. *Krakauer*, 92 App. Div. 223 ; *Schapp* v. *Bloomer*, 181 N. Y. 125 ; *Walters* v. *Fuller*, 82 App. Div. 254 ; *Butler* v. *Townsend*, 126 N. Y. 105 ; *Kimmer* v. *Weber*, 151 N. Y. 417 ; *Vogel* v. *A. B. Co.*, 180 N. Y. 373 ; *Madigan* v. *O. S. Nav. Co.*, 178 N. Y. 242.)

*Frederick S. Martyn* for respondent.  The trial court correctly charged the jury upon the law applicable to the facts in this action.  (*Stewart* v. *Ferguson*, 164 N. Y. 553.)

HAIGHT, J.  This action was brought to recover damages for injuries sustained by the plaintiff on the 25th day of January, 1902, while in the employ of the defendants.  At the time of the accident he was engaged in putting a beam in one of the pockets of a scow which the defendants were repairing. The scow was divided into different pockets, each of which was twenty-eight feet wide across the top and thirteen feet in length from bulkhead to bulkhead ; the sides of the pocket sloped diagonally from the top of the scow towards the center at the bottom.  In order to facilitate the placing of the beam in position near the top of the pockets, a scaffold was constructed out of two three-inch planks, which were spliced by being nailed together and supported at either end by a rope looped around the plank and then fastened to the bulkhead. While the plaintiff was standing upon this scaffold putting the beam into position the plank broke, causing him to fall to the bottom of the pocket, about eight feet below, causing the injuries for which he seeks to recover damages in this action. The trial resulted in a verdict for the plaintiff, and the judgment entered thereon has been unanimously affirmed by the Appellate Division.

It is now contended on behalf of the defendants that a scow, such as that upon which the plaintiff was engaged at the time of his injury, was not a "structure" within the meaning of

section 18 of the Labor Law, and that the scaffold upon which he was at work was not such a scaffold as was contemplated by the provisions of that act. We have examined the record, but fail to find any exception that raises either of these questions. At the conclusion of the plaintiff's evidence the defendants moved for a dismissal of the complaint upon the grounds that the plaintiff had failed to show negligence on the part of the defendants, or his freedom from contributory negligence. But neither by motion nor request to charge does it appear that the court was requested to hold that the scow was not a "structure" within the meaning of the statute, or that the "scaffold" was not one contemplated by its provisions. We, therefore, think that neither of these questions argued in this court is presented by the record. The case appears to have been defended upon the theory of contributory negligence on the part of the plaintiff. That issue was submitted to the jury, and the verdict found thereon, has, as we have seen, been unanimously affirmed, which, under the provisions of the Constitution, precludes this court from the consideration of the question as to whether there was evidence sufficient to sustain the verdict upon that issue. Our attention has been called to two exceptions taken to the charge of the court. The first is as follows: "Now, about the only question outside of the plaintiff's own negligence is, was the defendant negligent in furnishing and supplying the plaintiff with a scaffold which was unsafe and improper and unsuitable, and did not afford protection to life or limb? The defendants are absolutely commanded by the statute to supply workmen with *this sort of apparatus;* it is their duty to do it. They have no excuses to offer, and there are none which they can invoke." It may be that under a strict grammatical construction of the charge "this sort of apparatus" would refer to the unsafe and improper scaffold referred to in the sentence preceding. But of course this is not what the judge intended. The duty of the defendants under the statute was to supply their workmen with a safe and proper scaffold, not an unsafe and improper one, and we

cannot conceive it possible that the jury could have been misled with reference to that provision of the statute. The judge, continuing in his charge, referring to the defendants, says: "They have no excuses to offer, and there are none which they can invoke." In other words, as we understand, no excuse has been offered in the evidence by the defendants, and consequently there is none which they then could invoke before the jury. As thus limited and applied to the facts of this case, we think that the concluding sentence does not furnish grounds for a reversal. Although the court had stated the duty of the defendants under the statute, the plaintiff's counsel apparently was not content and so he endeavored to formulate a charge upon the subject by requesting the court to charge "that it makes no difference in this case in applying the labor statute to this cause of action, whether the defendants themselves erected or caused to be made this scaffold, if by their direction any one else made it." The court answered: "That is only so far as it goes to the question of contributory negligence." To which the plaintiff's counsel replied: "Exactly." Just what is meant by this is not very clear. "It makes no difference" as to what? The request does not state. Inasmuch as it was made by the plaintiff's counsel, we presume the difference he referred to was as to the right of the plaintiff to recover, otherwise it is without point. The balance of the request pertains to the acts of the defendants in erecting or ordering to be erected a scaffold and seems to relate to their duty and not to that of the plaintiff. But under the query of the court with reference to contributory negligence the answer of the plaintiff's counsel "exactly" indicates that it was intended to refer to the contributory negligence of the plaintiff, and, if so, it might make a considerable difference with the right of the plaintiff to recover, provided that a scaffold should be erected by the direction of the defendants by the plaintiff himself, who at the time fully understood the quality of the material used for that purpose. But no ruling appears to have been made by the court further than the query to which

we have referred, and thereupon the defendants' counsel asked the court to charge in that connection "that if the master directed the plaintiff to construct it (referring to the scaffold) the master would not be responsible." This would be so were it not for the defective material supplied. It appears that the plank used as a scaffold broke, causing the injury to the plaintiff complained of. It was the duty of the master to furnish proper and safe material for the construction of the scaffold. It was the duty of the plaintiff, if ordered to construct a scaffold, to construct it in such a manner as to make it safe for him to work upon. It was his duty to use only safe and proper material. If, however, the planks used by him on this occasion were the planks furnished by the defendants, and he did not know at the time of using them that they were unsafe and improper, he would not be chargeable with contributory negligence. We think, therefore, that the request to charge was too broad, and that its refusal does not furnish a ground for a reversal.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur; O'BRIEN, J., absent.

Judgment affirmed.