### GRUNER v. TEXAS CO.

(Supreme Court, Appellate Division, Second Department.  June 18, 1909.)

1. MASTER AND SERVANT (§ 276*)—INJURIES TO SERVANT—EVIDENCE.
   In an action for injuries to a servant while painting a vessel in dry dock, evidence *held* to sustain a verdict for plaintiff.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 950; Dec. Dig. § 276.*]

2. MASTER AND SERVANT (§ 86*)—INJURIES TO SERVANT—VESSELS IN DRY DOCK —WHAT LAW GOVERNS.
   Where plaintiff was injured by a defective scaffold while painting a vessel in dry dock in the state of New York, his right to recover depended on the common law of master and servant as modified by Labor Law (Laws 1897, p. 467, c. 415) § 18, regulating the construction of scaffolding for the use of laborers employed in repairing, altering, or painting any house, building, structure, etc.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. § 86.*]

3. MASTER AND SERVANT (§ 116*) — INJURIES TO SERVANT — "STRUCTURE" — SCAFFOLDING.
   A sea-going vessel in dry dock undergoing repairs, while being painted, is a "structure," within Labor Law (Laws 1897, p. 467, c. 415) § 18, regulating the scaffolding to be erected for the use of persons employed in painting a house, building, or structure, etc.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

   For other definitions, see Words and Phrases, vol. 7, pp. 6700–6702; vol. 8, p. 7806.]

4. MASTER AND SERVANT (§ 116*)—SCAFFOLDING—LABOR LAW—STATUTES—APPLICATION.
   Labor Law (Laws 1897, p. 467, c. 415) § 18, providing the kind of scaffolding to be erected for employés, etc., is not limited to mechanics, laborers, and workingmen, but applies to any person employing another to perform labor in repairing or painting a structure.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

Appeal from Trial Term, Kings County.

Action by Lawrence Gruner against the Texas Company.  From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Everett Masten, for appellant.
Martin T. Manton, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J.    The defendant is a foreign corporation owning the steamship Northwestern, used in carrying oil from points in the state of Texas to Brooklyn. This vessel, after being unloaded, was placed in the dry dock in Brooklyn for repairs. The plaintiff shipped as an able-bodied seaman and was put to work in assisting to paint her sides. For this purpose a plank 12 feet long, 10 inches wide, and 2 inches thick, at each end of which there was a cross cleat about 4 feet long and 5 inches wide, was used. Around each end of the cleats two ropes were placed, tied as a sling, and spliced about 5 feet above the plank, from which a single rope extended to the deck of the vessel, by means whereof the plank was lowered and raised as the work demanded. On the day of the accident the plaintiff and one Johnson slid down the ropes to the plank, which was then about 12 feet below the deck, and commenced to paint. A short time afterwards Johnson returned to the deck of the vessel. The plaintiff remained on the plank and continued his work. While so engaged he says he heard a snap, and one of the ropes supporting the plank broke, tilting the plank and causing him to fall, inflicting serious injuries, for which he has recovered. Evidence was given on the part of defendant tending to show that plaintiff was not injured in the manner testified to by him, and that the accident was due entirely to his own negligence.

The learned trial court charged the jury that unless they found that one of the ropes did break, resulting in the accident, the plaintiff could not recover, and the jury resolved this disputed question of fact in favor of the plaintiff. It is urged that their verdict is against the weight of evidence and that the judgment must be reversed for this reason. This contention is without merit. The case was submitted to the jury under the charge that the plaintiff's right of action rested upon the common-law liability of a master to his servant, as modified by the provisions of section 18 of the labor law (Laws 1897, p. 467, c. 415), and it is argued by the learned counsel for the appellant that the labor law is not applicable to this case, for the reason that the vessel was in commission and engaged in interstate commerce, was owned by a Texas corporation, and that the regulation of a vessel of Texas and the rights of its crew could not be established by a general law of this state, but are vested solely in Congress, and, furthermore, that the vessel is not a structure, and therefore not within the provisions of the labor law. I cannot assent to this proposition. The vessel was not in commission. It was entirely out of the water, and in a dry dock in this state for repairs. The plaintiff was employed in this state. He was injured in this state, and its laws are controlling in determining the liability of the defendant in this action. The statute is not limited, as contended, to mechanics, laborers, and workingmen, but in terms applies to any "person employing * * * another to perform labor of any kind in the * * * repairing * * * or painting" of a "structure"; and a vessel is a structure within the meaning of the labor law. Chaffee v. Union Dry Dock Co., 68 App. Div. 578, 582, 73 N. Y. Supp. 908; Holloway v. McWilliams, 97 App. Div. 360, 89 N. Y. Supp. 1074; Madden v. Hughes, 104 App. Div. 101, 93 N. Y. Supp. 324, affirmed 185 N. Y. 466, 78 N. E. 167.

The judgment and order must be affirmed, with costs. All concur.