MacDONALD ENGINEERING CO. v. MANNS.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 124.

1. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—NEW YORK LABOR LAW—"SCAFFOLD."

Defendant desiring to remove certain false work in the ceiling over the bins of an elevator, stringers were laid on angle irons standing 3 feet above the floor on each side of an open bin about 20 feet apart, and loose planks were laid across the stringers. The stringers were made, under directions of defendant's assistant superintendent, out of 2x6 material which had been previously used, varying from 5 to 9 feet long. These were laid together, overlapping each other, and fastened together with nails, which did not go through more than two planks; the whole stringer being 21 feet long and 6 inches thick. Plaintiff, a laborer, laid two of the stringers on the angle irons over one of the open bins, and while taking down the false work a piece 2x6 and 5 feet long fell on the plank, break-ing one of the stringers and precipitating plaintiff to the bottom of the bin, 75 feet below. *Held*, that the structure was a "scaffold" within La-bor Law N. Y. (Consol. Laws, c. 31) § 18, which defendant caused to be furnished to plaintiff, making defendant absolutely answerable for the safety of such erection.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, p. 7795.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. MASTER AND SERVANT (§ 288*) — INJURIES TO SERVANT — ASSUMED RISK — QUESTION FOR JURY.

    Whether plaintiff assumed the risk of any obvious defect in the stringer *held* for the jury.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*

    Assumption of risk incident to employment, see note to National Acc. Soc. v. Dolph, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Western District of New York.

Action by John Manns, by Fred Manns, his guardian ad litem, against the MacDonald Engineering Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Love & Keating (G. P. Keating, of counsel, and William J. Donovan, on the brief), for plaintiff in error.

Bissell & Ladd (C. E. Ladd, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. In this case the defendant was erecting a grain elevator building, and it became necessary to remove certain false work from the ceiling above the bins. To accomplish this stringers were laid upon angle irons which stood some 3 feet above the floor on each side of an open bin about 20 feet apart, and loose planks laid across these stringers. The false work was only about 5 feet above the planks, so that the workmen standing on them could reach up and remove it. Three stringers had been made under the direction of the defendant's assistant superintendent out of 2x6 material which had been previously used, varying from 5 to 9 feet in length. These were laid together, overlapping each other, and fastened with nails that did not go through more than two planks; the whole stringer being 21 feet long and 6 inches thick. The plaintiff, who was a general laborer, and another workman, laid two of these stringers on the angle irons over one of the open bins, and across them placed plank on which to stand. While taking down the false work, a piece of it, 2x6 and 5 feet long, fell upon the planks, with the result that one of the stringers broke, and the plaintiff dropped some 75 feet, to the bottom of the bin, sustaining severe injuries; his companion being killed.

We think this structure was a scaffold, within section 18 of the New York labor law, which the defendant "caused to be furnished" to the plaintiff. That law makes the defendant answerable absolutely for the safety of such a scaffold. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662. The accident itself indicates that the stringer which broke was insufficient, and there was testimony to the effect that it was improperly constructed from unsuitable material. Notwithstanding this, the plaintiff assumed the risk of any obvious defect in the stringer. Whether there was such a defect was a question for the jury, and they have answered it to the contrary under instructions which, taken together, correctly advised them of the law.

    Judgment affirmed.