NEW YORK, N. H. & H. R. CO. v. MOONEY.

(Circuit Court of Appeals, Second Circuit, April 13, 1915.)

No. 240.

MASTER AND SERVANT ⊙⇒116—MASTER'S LIABILITY FOR INJURY TO SERVANT—DEFECTIVE "SCAFFOLDING."

Labor Law N. Y. (Consol. Laws, c. 31) § 18, which prohibits the furnishing for use of an employé unsafe, improper, or unsuitable scaffolding, etc., not so constructed as to give proper protection to the life and limb of the workman, applies although the injured workman built or helped to build the defective structure, and a plank, supported between two girders of the bridge, upon which the workman lay when painting the under side of parts of the bridge, is a "scaffolding" within the meaning of the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 207; Dec. Dig. ⊙⇒116.

For other definitions, see Words and Phrases, First and Second Series, Scaffold.]

In error to the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment in favor of defendant in error, who was plaintiff below. The action, to recover for personal injuries, was brought under the Labor Law of the state of New York, the negligence charged being the failure to furnish a safe place in which to work. Plaintiff was painting the ironwork of an unfinished bridge. In the course of his work it was necessary for him to lie down on a plank resting on portions of the iron work so as to reach the under part of a girder. The main question in the case is the construction to be given to section 18 of the Labor Law, which reads as follows:

"Section 18. Scaffolding for Use of Employés. A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. Scaffolding or staging swung or suspended from an overhead support, or erected with stationary supports, more than twenty feet from the ground or floor, except scaffolding wholly within the interior of a building and which covers the entire floor space of any room therein, shall have a safety rail of suitable material properly bolted, secured and braced, rising at least thirty-four inches above the floor or main portions of such scaffolding or staging and extending along the entire length of the

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

outside and the ends thereof, with such openings as may be necessary for the delivery of materials, and properly attached thereto, and such scaffolding or staging shall be so fastened as to prevent the same from swaying from the building or structure."

J. M. Gibbons, of New York City (J. W. Carpenter, of Brooklyn, of counsel), for plaintiff in error.

S. A. Syme, of Mt. Vernon, N. Y., for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The temporary platform on which plaintiff was working consisted of a plank placed between two girders. This is substantially the same structure as that which was passed upon in our decision in Steel & M. Co. v. Reilly, 210 Fed. 437, 127 C. C. A. 169 (December 9, 1913), where a plank was laid diagonally upon two trusses. That such a structure is "scaffolding" within the meaning of the New York Labor Law was settled for this circuit, by that decision. In Ford Motor Co. v. Donaldson (November 10, 1914) (C. C. A.) 218 Fed. 350, we also held that the statute applied when the injured party builds or helps to build the scaffold. We said:

"We find nothing in the statute which supports the proposition contended for and supported by several Appellate Division decisions that the section does not apply when the injured party himself builds, or helps build, the scaffold. On the contrary, it seems to be the object of the act to make the master have scaffolds built by men competent to build them properly, not by the workman who is to use them—quite frequently not himself an experienced carpenter."

These decisions dispose of the main question in the case at bar. The story of the plaintiff, which under the verdict we must take to be correct on all matters in conflict, is that when he and his partner (coworker) were putting the plank in place, he told the foreman that the plank was too short and asked for a rope to tie it with. It was Saturday afternoon, about an hour before the close of work for the day. That the foreman said there were no ropes there then—such ropes as there were were in use by other men—but that on Monday the foreman would have them there, and to do the best they could with the planks that were on hand. The evidence showed that sometimes these planks were lashed to what they rested on, which might prevent slipping or tilting; there was certainly sufficient to sustain a finding by the jury that the scaffolding erected for the performance of plaintiff's part of the work was "unsafe, unsuitable or improper" and not so constructed and placed "as to give proper protection to the life and limb of" a workman thereon.

The latter part of the section provides in the case of scaffolding more than 20 feet above the ground or floor that the same shall be so fastened as to prevent the same from swaying. In the case of such a scaffold it might be held as matter of law that the employer was negligent if it were not so fastened. But this specific requirement for scaffolding 20 feet above the ground would not preclude the finding that a scaffold less than 20 feet above the ground was not reasonably safe and suitable, when the testimony shows that it is unsafe, that lashing it would have made it safe, and that reasonable prudence and foresight would have

indicated that it should be lashed. As indicative of what reasonable prudence would suggest in this case we have these circumstances: (1) Sometimes planks placed as these were, were lashed, and there were ropes on the work which the men could use for lashings; (2) plaintiff himself asked for a rope to lash this plank with; (3) the foreman, when asked for the rope, did not say it was unnecessary, but that there would be a rope provided on Monday.

We do not find any error in the charge about the shortness of the plank. Plaintiff's theory that a longer plank would not have tilted sideways may or may not have been correct, but that is not important. The court charged, more favorably than defendant was entitled to, that defendant would not be liable if he gave the employés adequate and proper material to build the scaffold with. Plaintiff testified that there were long planks as well as short planks available; the court charged:

"If you do conclude that he could have used a longer plank because it would jam [the theory of plaintiff was that if it jammed it would not tilt]; then I cannot charge you as a matter of law that the shortness of the plank had anything to do with the injury."

Since the plaintiff's own evidence showed that there were long as well as short planks available, defendant was not prejudiced by this charge.

In view of the construction we put upon the statute, the other assignments of error need not be discussed.

Judgment affirmed.