CONTINENTAL PUBLIC WORKS CO. v. STEIN.

(Circuit Court of Appeals, Second Circuit. April 18, 1916.)

No. 180.

1. MASTER AND SERVANT ☞121(3)—INJURIES TO SERVANT—STATUTES—"FACTORY"—"MANUFACTURING."

Labor Law N. Y. (Consol. Laws, c. 31) § 2 defined the term "factory" as including any mill, workshop, or other manufacturing or business establishment where one or more persons are employed at labor, and Laws 1914, c. 512, amends it so as to declare that the term "factory" shall be construed to include any mill, workshop, or any manufacturing or business establishment, and all buildings, sheds, structures, or other places used for or in connection therewith, where one or more persons are employed at labor, and that work shall be deemed to be done for

factory wherever it is done at any place upon work of the factory upon any materials entering into the product of the factory. Public contractors, in laying a highway, used an asphalt mixing machine, which mixed stone and asphalt for use in the road, and which was connected with other appliances for use in laying the product. *Held,* that covering the stone with asphalt was "manufacturing" and the appliances and plant used therewith constituted a "factory," within the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 229; Dec. Dig. ☞121(3).

For other definitions, see Words and Phrases, First and Second Series, Factory; Manufacture.]

2. MASTER AND SERVANT ☞286(22)—GUARDING MACHINERY—FACTORY—QUESTION OF LAW.

Whether a plant, consisting of machinery used in preparing road materials, constitutes a factory, within Labor Law N. Y. § 2, as amended by Laws 1914, c. 512, is a question of law for the court.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1028; Dec. Dig. ☞286(22).]

3. APPEAL AND ERROR ☞1062(4)—REVIEW—HARMLESS ERROR.

The erroneous submission of a question of law to the jury is harmless, where the jury correctly decided the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4215–4217; Dec. Dig. ☞1062(4).]

4. MASTER AND SERVANT ☞121(1)—INJURIES TO SERVANT—FAILURE TO GUARD APPLIANCES.

Under Labor Law N. Y. § 81, as amended by Laws 1913, c. 286, requiring all screws and parts of revolving shafting to be countersunk, protected with suitable covering, and all machinery to be guarded, and section 200, making an employer liable when an injury to a servant results from a defect in the ways, works, machinery, or plant, which arose, or which had not been remedied, because of the negligence of the employer, an employer, whose premises constituted a factory within the act, is liable for any injury resulting from failure to properly guard machinery; the violation of the act constituting negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 228; Dec. Dig. ☞121(1).]

5. APPEAL AND ERROR ☞169—PRESENTATION OF GROUND OF REVIEW IN COURT BELOW—NECESSITY.

Questions not raised below, ruled on, and to which no exceptions were preserved, cannot be raised by assignments of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1018–1034; Dec. Dig. ☞169.]

In Error to the District Court of the United States for the Southern District of New York.

Action by William Ulysses Stein against the Continental Public Works Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Alfred E. Holmes, of New York City (Clayton J. Heermance, of New York City, of counsel), for plaintiff in error.

C. Andrade, Jr., of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. This action was brought to recover for personal injuries and the plaintiff below, hereinafter referred to as plaintiff, obtained a verdict in the sum of $2,250. The action was

brought under a common-law count and under the Labor Law of the state of New York.

The plaintiff was employed by defendant in its asphalt mixing plant at Ashokan, N. Y. The defendant was engaged in laying a public highway, and in the prosecution of its work used what is commonly termed an asphalt mixer, in which asphalt and stone were mixed together and the stone was covered with asphalt as it passed through the machine. The plant consisted of a number of different machines, such as an engine, portable boiler, road rollers, a series of drums, elevators, measuring box, and a mixing machine. These were united to form one plant, and were connected and operated by various sprockets, shafts, driving chains, etc.

The plaintiff had been in the employment of defendant since the year 1911. At the time of the accident, which happened on Sunday, October 19, 1913, the plaintiff was engaged in the supervision, installation, and operation of the asphalt machinery. After the machinery had been set up under his direction the plant was put into operation on Saturday, the day prior to the accident, and several wagon loads of asphalt were made. On Sunday more asphalt was produced, and the machinery was then shut down on account of the weather. It had been found that the machinery did not work satisfactorily; that there was a chain rubbing on an angle iron. The plaintiff had called in a blacksmith to show him how to remedy the defect. He had his coat thrown over his arm, and while stooping down and pointing to the place where the chain rubbed the angle iron his coat was caught against an exposed set screw, and he was pulled down and against the machine, and suffered the injury for which the action is brought. The exposed screw which caused the injury projected about three-quarters of an inch from the face of the collar, and was not protected as required by section 81 of the New York Labor Law, as amended by chapter 286 of Laws of 1913, which reads as follows:

"Protection of Employés Operating Machinery; Dust Creating Machinery; Lighting of Factories and Workrooms.

"1. The owner or person in charge of a factory where machinery is used, shall provide, as may be required by the rules and regulations of the Industrial Board, belt shifters or other mechanical contrivances for the purpose of throwing on or off belts on pulleys. * * * All set screws, keys, bolts and all parts projecting beyond the surface of revolving shafting shall be countersunk or provided with suitable covering, and machinery of every description shall be properly guarded and provided with proper safety appliances or devices. * * * "

And section 200 of the Labor Law makes the employer liable:

"When personal injury is caused to an employé who is himself in the exercise of due care and diligence at the time:

"1. By reason of any defect in the condition of the ways, works, machinery, or plant connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and entrusted by him with the duty of seeing that the ways, works, machinery, or plant, were in proper condition."

The plaintiff's complaint sets up two causes of action: (1) Under the common law; and (2) under the Labor Law of New York.

[1-3] We shall consider whether under the Labor Law the plaintiff was entitled to recover. The defendant insists that the asphalt mixer was not a factory under that law. The statutory provisions define the term. The law of 1909 (chapter 36, § 2) reads as follows:

"Factory. The term 'factory' when used in this chapter, shall be construed to include also any mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor."

This section was further amended by chapter 512 of the Laws of 1914 to read as follows:

"Factory; work for a factory. The term 'factory,' when used in this chapter, shall be construed to include any mill, workshop, or other manufacturing or business establishment and all buildings, sheds, structures or other places used for or in connection therewith, where one or more persons are employed at labor, except power houses, * * * sheds and other structures owned or operated by a public service corporation, other than construction or repair shops, subject to the jurisdiction of the public service commission under the public service commissions law. Work shall be deemed to be done for a factory within the meaning of this chapter whenever it is done at any place, upon the work of a factory or upon any of the materials entering into the product of the factory, whether under contract or arrangement with any person in charge of or connected with such factory directly or indirectly through the instrumentality of one or more contractors or other third persons."

The New York Court of Appeals, in Shannahan v. Empire Engineering Co., 204 N. Y. 543, 98 N. E. 9, 44 L. R. A. (N. S.) 1185, has defined a "factory" as follows:

"A factory is a structure or plant where something is made or manufactured from raw or partly wrought materials into forms suitable for use. This is the primary definition, which was extended by the statute so as to include any 'mill, workshop or other manufacturing or business establishment where one or more persons are employed at labor.' The term 'business establishment,' as thus used, means one resembling a mill, workshop, or other manufacturing establishment. It is confined to things of the same general character as those named. It does not mean all business establishments where one or more persons are employed at labor, but only those engaged to some extent at least in manufacturing of some kind. Obviously it does not include a hotel, grocery, store, and many other business establishments where one or more persons are employed at labor."

We have no doubt that the business in which the defendant engaged in running asphalt and stone through its "mixer" and covering the stone with asphalt as it passed through the machine, thus producing a product to be used in constructing a street, was that of "manufacturing." And if a factory is a plant "where something is made or manufactured from raw or partly wrought materials into forms suitable for use," then this plant where the accident occurred was a "factory" under the act.

The trial court submitted to the jury the question of whether the defendant's plant is a factory. In this the court was in error. Whether or not it is a factory is a question of law. Casey v. Barber Asphalt Co., 202 Fed. 1, 120 C. C. A. 243. But as the jury reached the right conclusion no harm was done.

[4] As the place is a factory within the meaning of the Labor Law, then the question is whether the defendant complied with that provision of the law which requires that all set screws and all parts projecting beyond the surface of revolving shafting shall be counter-

sunk or provided with suitable covering and that all machinery shall be properly guarded, etc. The evidence clearly shows that there was an exposed set screw on a revolving shaft. That fact is not seriously disputed. The superintendent of the work, one Watson, called by defendant, was asked on cross-examination whether he knew that the machine had exposed set screws, and replied: "I knew that that shaft had exposed set screws."

The trial judge charged the jury as respects this law as follows:

"An employer who violates this law is guilty of negligence, and you do not need to bother as to whether you think it is negligence or do not think it is negligence to have set screws exposed, and under those circumstances the law says that it is his duty to do it, and if he violates that duty he is liable for the consequences."

This was strictly in accordance with the understanding of the courts as to the effect of the statute. The employer must comply with its requirements at his peril. If he does not, he must answer for the injuries which are caused by his failure to do what the statute made it his duty to do. Violation of the statute is per se proof of negligence. We placed this construction on the act in Steel & Masonry Contracting Co. v. Reilly, 210 Fed. 437, 127 C. C. A. 169 (1913). And such is the construction which the courts of New York put on it. They hold the act mandatory where it is practicable to guard the machine, and the burden of showing that it is impracticable to guard it, or that its location removes it from danger to employés, is upon the person or corporation maintaining it. Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413; Welch v. Waterbury, 206 N. Y. 522, 100 N. E. 426; Amberg v. Kinley, 214 N. Y. 531, 108 N. E. 830, L. R. A. 1915E, 519. And as in the case at bar there was no claim made and no proof introduced to show that it was not practicable to guard the machine, or that its location removed it from danger to employés, we think the trial judge was justified in saying that in violating the act as it did, it was liable as a matter of law.

It is said that section 81 of the Labor Law is inapplicable, because the injury happened while the machinery was being installed. But a witness called by the defendant was asked whether, just before this accident occurred, the plant had been completed, and he replied that "it was complete." And on cross-examination he was asked: "On October 19, 1913, I understand that this plant was erected and completed and ready for operation?" To which he replied: "It was; yes."

[5] There are 36 assignments of error, and only 4 are based on an exception. The law is well settled in the federal courts that an assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised in the court below and rulings asked thereon. 2 Desty's Federal Procedure, 1265; Ansbro v. United States, 159 U. S. 695, 16 Sup. Ct. 187, 40 L. Ed. 310; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608. And as to the assignments of error based on exceptions actually taken we see in none of them any reason for sending this case back for a new trial. If they were errors, and we do not decide that they were, they were not prejudicial.

Judgment affirmed.