## UNITED IRON WORKS, Inc., v. WOOLSEY.
### No. 8539.

Circuit Court of Appeals, Eighth Circuit.
Feb. 18, 1930.

H. T. Harrison, of Little Rock, Ark. (Thomas S. Buzbee and George B. Pugh, both of Little Rock, Ark., on the brief), for appellant.

J. R. Wilson, of El Dorado, Ark., for appellee.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

REEVES, District Judge.

Appellant, as defendant in the trial court, seeks the reversal of a judgment recovered by appellee, who was plaintiff in said court.

Plaintiff claimed damages for the death of her decedent, George Woolsey, alleged to have been caused by the negligence of defendant.

The said Woolsey was an employee of the defendant, and on January 11, 1928, was killed while aiding in constructing a metal oil tank at Oilton, Okl. At the time of the fatality Woolsey had been engaged with others in riveting the metal covering at the top of said tank. He worked on the inside of the tank and immediately under said metal covering or roof. It was his duty to clinch the rivet when driven through from the outside or top. He worked on a platform or scaffold approximately thirty feet above the metal base. This platform or scaffold consisted of three parts: First, a square structure in the center of the tank; and, second, a narrow platform supported by brackets around the inside walls thereof. The latter was sometimes referred to as the "shell platform."

The space between the two platforms was bridged by boards twelve to fourteen feet in length, eight inches wide, and two inches thick. This constituted the third part, and is responsible for this controversy. The ends of these boards were supported by said platforms. There was a manhole or opening near the eaves of the metal top or roof. This was used by the employees for ingress and egress. One of the boards bridging the space between the two platforms was in close proximity to said manhole and was used as a "walkway" or "runway" by the employees in coming in or going out. While the platform or platforms were being constructed the decedent worked in another tank. On the day of his death the said Woolsey worked through the day and until about 4 p. m. when he went out through the manhole for a drink of water. Upon returning to the inside he attempted to cross over the board walk between the two platforms. It broke under his weight. He was precipitated to the bottom of the tank and fatally injured.

Plaintiff alleged in her petition, and the evidence tended to show, that the board in question was not only defective because of the presence of a knot or knots, but that the defendant had been apprised of that fact. Moreover, she alleged and proved that said board should have been supported by a center brace.

Defendant's alleged negligence consisted of its failure to provide a board free of defects and supported by a center brace.

Although defendant has assigned numerous errors of the trial court, it has abandoned or waived all but two in its brief. Denver Live Stock Commission Co. v. Lee (C. C. A.) 18 F.(2d) 11, loc. cit. 13 and 14.

It argues in its brief that the trial judge erred in submitting to the jury the question of negligence based upon failure to provide a center brace for the "walkway" or "runway," because the absence thereof was obvious to the deceased. It insists furthermore that the trial judge should have instructed the jury that the defendant was not liable for injury to the deceased caused by the negligence of a fellow servant.

1. One of the plaintiff's witnesses testified, without objection in relation to the "runway," that "if properly constructed it has a middle brace." Other witnesses testified over objection that it was usual and customary to provide a center brace for such runways in the construction of oil tanks.

Defendant does not now contend that this evidence should have been excluded, but says that the danger was so obvious and patent that the decedent assumed all risks incident thereto. The evidence tended to show that upon entering the tank from the outside it appeared dark within, and that the

light from the manhole was obstructed. Neither the defect in the board nor the absence of a center brace would likely be observed according to the evidence.

It was not a risk incident to the employment so as to invoke the doctrine of assumed risks, but a question of failure by defendant to use ordinary care to furnish the decedent a reasonably safe place in which to work, supplemented with the further inquiry as to whether the danger was obvious. There was evidence tending to show that the danger was not obvious on account of the absence of light in the tank; the position of the board with the knot or knots on the underside and out of the view of decedent; and the fact that the center brace, if used, would have been positioned under the board forming the "walkway."

■ There was no evidence showing knowledge on the part of the deceased as to the imperfections of the walkway. The burden was on the defendant to prove such knowledge, or that the danger was obvious. Dunagan v. Appalachian Power Co. (C. C. A.) 23 F.(2d) 395.

■ The whole question was submitted to the jury by appropriate and clear instructions. This was proper. MacDonald Engineering Co. v. Manns (C. C. A.) 177 F. 203. The decedent was not obliged to exercise care to discover dangers in the place where he worked. Chesapeake & Ohio Ry. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102. He had the right to assume that the defendant would discharge its duty by exercising ordinary care in constructing its platform.

2. There is no question of the negligence of a fellow servant in this case. In an original petition plaintiff alleged that two boards of the same size had been placed one on top of the other for a runway or walkway, and that while decedent was on the outside one of his fellow workmen removed one of the boards, thus weakening the runway. Defendant denied this allegation.

In an amended petition plaintiff abandoned the averment and in the evidence proved the contrary. Defendant by an amended answer sought to introduce the issue, but its allegation was not supported by evidence.

Other questions not briefed but suggested by appellant have been considered, but found without merit. The judgment should be, and is, affirmed.