J. W. FITZWATER, Respondent, *v.* GUY S. WARREN et al., Appellants.

Master and servant — negligence of master — when servant cannot be held, as matter of law, to have assumed risk caused by master's violation of law — unguarded setscrew — when servant's assumption of risk therefrom a question for the jury.

1. Where a master fails to comply with the requirements of the statute for the protection of his servants, it cannot be held as a matter of law that the servant by knowledge of such failure assumes the risk caused by the master's violation of law. (*Knisley* v. *Pratt*, 148 N. Y. 372, overruled; *Johnston* v. *Fargo*, 184 N. Y. 379, approved.)

2. To establish the defense of assumption of risk the burden of proof rests on the defendant, and though the defect be apparent,

if it may require judgment not possessed by the ordinary observer or servant to realize the hazard caused thereby, the risk is not assumed.

3. Defendants violated the statute (Labor Law, § 81) which enacts that all setscrews shall be guarded, and as a result of that violation of law the plaintiff was injured. They seek to be relieved from the consequences of their wrongdoing, on the claim that the plaintiff assumed the risk of their illegal act because he saw and knew of the existence of the unguarded setscrew. *Held,* that the question as to assumption of the risk was a fair question for the jury.

*Fitzwater* v. *Warren,* 140 App. Div. 941, affirmed.

(Argued June 13, 1912; decided October 22, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 6, 1910, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the dissenting opinion.

*Frederick E. Hawkes* for appellants. Plaintiff assumed an obvious risk. (*Dillon* v. *Nat. C. T. Co.,* 181 N. Y. 215; *Knisley* v. *Pratt,* 148 N. Y. 372; *Millerick* v. *Wing,* 133 App. Div. 453; *Buckley* v. *G. P. & R. Mfg. Co.,* 113 N. Y. 540; *Toye* v. *U. D. B. Co.,* 141 App. Div. 332; *Dixon* v. *N. Y., O. & W. R. R. Co.,* 198 N. Y. 58; *Rooney* v. *B. C. Co.,* 194 N. Y. 32.)

*M. A. Leary* for respondent. As to that part of the proposition that the danger was obvious and that he assumed the risk, it may be stated as a general rule that every one who works with machinery or in places of danger assumes risks, but men may differ as to what risks and obvious dangers are, and such questions are pre-eminently questions of fact for a jury. (*Pipe* v. *Utica Foundry Co.,* 132 App. Div. 458; *Penotta* v. *Richmond Brick Co.,* 123 App. Div. 626; *Newmiller* v. *Central Brewing Co.,* 119 App. Div. 101; *O'Brien* v. *Buffalo Furnace Co.,* 183 N. Y. 317.)

CULLEN, Ch. J. I think the order of the Appellate Division reversing the judgment of nonsuit at Trial Term and granting a new trial should be affirmed. It is conceded that the defendants violated the statute of this state which enacts that all setscrews shall be guarded and that as a result of that violation of law the plaintiff was injured. The defendants seek to be relieved from the consequences of their wrongdoing on the claim that the plaintiff assumed the risk of their illegal act because he saw and knew of the existence of the unguarded setscrew. My personal opinion on this subject is the same as that expressed by me in the former General Term of the Supreme Court (*Simpson* v. *N. Y. Rubber Co.*, 80 Hun, 415), that public policy precludes an employee from assuming the risk created by a violation of the statute or waiving liability of the master for injuries caused thereby. In the case of *Knisley* v. *Pratt* (148 N. Y. 372) this court took a different view of the law and, if the authority of that case remained in full force, I should feel constrained to subordinate my own convictions to that decision, though I may say in passing that subsequent to the decision of the *Simpson* and *Knisley* cases, the Federal Circuit Court of Appeals in an elaborate opinion by the present president of the United States held the same doctrine as that of the *Simpson* case — that risks occasioned by the failure of the employer to supply statutory safeguards were not assumed by the employee though he had knowledge of such failure. (*Narramore* v. *Cleveland, C., C. & St. L. Ry. Co.*, 96 Fed. Rep. 298.) The decision in the *Knisley* case was a reversal of the judgment of the former General Term of the Supreme Court where, in an opinion written by Judge HAIGHT, now a judge of this court, it was said: "That the risks of the service which a servant assumes in entering the employment of a master are those only which occur after the due performance by the employer of those duties which the law enjoins upon

him." (75 Hun, 327.) Having sat below he did not participate in the decision of the *Knisley* case when it was before this court and Judge VANN dissented from the decision. The doctrine of the *Knisley* case has, however, been largely qualified, if not virtually overruled, by the subsequent decision of this court in *Johnston* v. *Fargo* (184 N. Y. 379), where we held that an agreement between the employee and employer relieving the employer from liability for all personal injuries to the employee that might result from the negligence of the employer was void as against public policy. If an express agreement could not relieve the master in the case cited, it does not seem clear how by a merely implied contract he can be relieved from the results of a direct violation of the statute.

Moreover, in this case the assumption of risk was a fair question of fact for the jury. The plaintiff knew that the setscrew was unguarded and that if his person or clothing came in contact with it he might be injured, but it does not follow that he necessarily knew of the probability of the sawdust or material in which he was standing yielding to such an extent as to bring his person or clothing into contact with the setscrew. To establish the defense of assumption of risk the burden of proof rests on the defendant (*Dowd* v. *N. Y., Ontario & W. Ry. Co.,* 170 N. Y. 459), and though the defect be apparent, if it may require judgment not possessed by the ordinary observer or servant to realize the hazard caused thereby, the risk is not assumed. (*Davidson* v. *Cornell,* 132 N. Y. 228; *Welle* v. *Celluloid Co.,* 175 id. 401.) The plaintiff, without any previous experience in his work, was injured within four days after his employment. The statute which the defendants violated was enacted for the express purpose of safeguarding the persons of employees. Where an employer deliberately fails to comply with the statute the courts should be loath, except in a very clear case, to hold that the employee assumes the risk of his master's violation of the law.

Otherwise the beneficent results sought to be attained by the statute will fail to be realized. There seems, at the present day, an effort by constitutional amendment to render a master liable to his employee for injury received in his employment, though the master has been guilty of no fault whatever, and I feel that such effort is in no small measure due to the tendency evinced at times by the courts to relieve the master, though concededly at fault, from liability to his employee on the theory that the latter assumed the risk of the master's fault.

The order of the Appellate Division should be affirmed and judgment absolute rendered for the plaintiff on the stipulation, with costs in all courts.

COLLIN, J. (dissenting). The action is by an employee against employers to recover, under the principles of the common law, damages for personal injuries. The trial court dismissed the complaint. We are to determine whether or not the evidence presented an issue of fact; in reviewing it we must give the plaintiff the advantage of all the facts properly presented and of every favorable inference that can reasonably be drawn. (*Kraus* v. *Birnbaum*, 200 N. Y. 130; *Pinder* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 519.)

The defendants operated a saw mill. The work of the plaintiff was to saw the slabs into pieces of different lengths by placing them against a circular saw which received its power by means of a belt running from a pulley on the main power shaft located near the floor of the basement underneath. It was a part of his duty to replace the belt upon the pulley of the main shaft whenever it ran off; and in doing that his foot was mangled by an unguarded setscrew in and projecting one and one-half inches from the main shaft. The injuries so received are the basis of this action. The main shaft revolved in the top of a bed of sawdust, formed by the

sawdust which had sifted through the floor above where the saws were. The setscrew was twelve or fourteen inches from the pulley. When the plaintiff replaced the belt he stood astride the revolving shaft at the point where the setscrew was and with a stick which he held crowded the belt upon the pulley. In pursuing this manner he followed the instructions given him by a representative of the defendants at the time he was employed four days before that of the accident. Concerning the exact cause of his injuries, he testified: "In the meantime (while he was pressing the belt on the pulley), as the shaft was revolving, this setscrew was in the sawdust and it kept digging out the sawdust so it would give under my foot so it caught me right there on my foot." The age of the plaintiff was twenty years and ten months. He was a farm laborer. He received the injuries between three and four o'clock in the afternoon of the fifth day of his employment, during which he had replaced the belt upon this pulley in the same manner and under the same conditions hundreds of times, as he testified. He knew of the setscrew and at the time of the accident remembered it was there; and he testified that he tried to avoid it and put on the belt the same as he always had. On the morning of that day a fellow-workman had warned him of the danger from it. He was familiar with all the conditions and the light in the basement enabled him to perceive the state of things there.

The Labor Law requires the proper guarding of all setscrews. (Section 81.) The counsel for the respective parties properly assumed that the evidence disclosed facts upon which negligence on the part of the defendants might be predicated. (*Glens Falls Portland Cement Co.* v. *Travelers' Ins. Co.*, 162 N. Y. 399; *Wynkoop* v. *Ludlow Valve Manfg. Co.*, 196 N. Y. 324.)

A ground of the motion for the dismissal of the complaint was that the injuries of the plaintiff were the

result of a risk which was obvious and which he assumed. An employee who enters or continues in the employment with actual or constructive knowledge of the defects existing or arising through the negligence of the employer, and an appreciation of the dangers they create, without any assurance on the part of the employer that he would remedy them, and in the absence of a special request by the employer or of an emergency, assumes the risks arising through those defects and dangers. The basis for and the nature of the risks of such a character are lucidly and tersely stated by Judge VANN in *Dowd* v. *N. Y., Ontario & Western Ry. Co.* (170 N. Y. 459). The dangers and risks of such a character should not be confounded with those which exist or arise when and although the employer has discharged his duty of reasonable care to prevent them, and which are normally and inherently incident to the employment. The latter class involve the performance by the master of his duty; the former are predicated upon his negligence. The plaintiff, in the case at bar, must rely on his common-law cause of action under which the assumption of risk is not necessarily a question of fact; nor does the fact that he was under the age of twenty-one years, nor the further fact that the defendants violated a duty imposed by a statute shield him from the application of the doctrine of assumption of risks. (*Crown* v. *Orr*, 140 N. Y. 450; *Buckley* v. *Gutta Percha & R. Manfg. Co.*, 113 N. Y. 540; *Knisley* v. *Pratt*, 148 N. Y. 372; *Gombert* v. *McKay*, 201 N. Y. 27.)

We are unable to ascertain any fact or inference which would permit the jury, upon the submission of the evidence to them, to find that the plaintiff did not assume the risks attendant upon the negligence of the defendants. He had full knowledge of all the conditions and was bound to take notice of the ordinary operation of laws commonly known and regarded, and govern his acts accordingly. The evidence does not indicate or suggest

[206 N. Y.]        Dissenting opinion, per COLLIN, J.        [Oct.,

that he was lacking in mental or physical capacity. He had age, intelligence and experience enough to appreciate the dangers and the risks he was under. He knew the setscrew was exposed and was revolving and that if his foot came in contact with it injury would ensue. It is idle to assert the contrary. He saw and was aware that the surface of the sawdust was level with the power shaft, was loose and unstable and the setscrew was preserving a cut or cleft which increased the likelihood that it would yield to the pressure of his feet. All this was obvious to one of ordinary intelligence. His vision at the time of the accident was not interfered with or his judgment distracted. When the condition of things existing at the time an injury is received exposes obvious dangers, the employee must be held to have appreciated the risks, and it does not matter that he may not know their precise effects. Plaintiff's knowledge of the unguarded setscrew and of the condition of the sawdust about it necessarily involved recognition of the fact that if his foot slipped into the cut or cleft or the sawdust yielded or gave way so that his foot came within the range of the setscrew results of a more or less injurious nature would exist. He knowing the facts must have appreciated the risk of that which in fact did happen. Indeed he does not pretend that he did not appreciate it and avers that he attempted to secure himself against it. He continued to expose himself to a danger which he knew and fully appreciated, without assurance of safety or remedy and not under stress of an emergency or special request, and assumed the risks connected with it. (*Dixon* v. *N. Y., Ontario & W. Ry. Co.*, 198 N. Y. 58; *Kaare* v. *Troy S. & I. Co.*, 139 N. Y. 369; *Appel* v. *Buffalo, N. Y. & P. Ry. Co.*, 111 N. Y. 550; *Rooney* v. *Brogan Cons. Co.*, 194 N. Y. 32; *Rooney* v. *Sewall & Day Cordage Co.*, 161 Mass. 153; *Feely* v. *Pearson Cordage Co.*, 161 Mass. 426; *Downey* v. *Sawyer*, 157 Mass. 418.)

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

HAIGHT, VANN, WERNER and HISCOCK, JJ., concur with CULLEN, Ch. J.; GRAY, J., concurs with COLLIN, J.

Ordered accordingly.