CULLEN, Ch. J., VANN, CHASE and COLLIN, JJ., concur; WERNER, J., not voting; GRAY, J., absent.

Judgment of conviction reversed, etc.

---

JOHN WELCH, Appellant, v. WATERBURY COMPANY, Respondent.

*Master and servant — when risk not assumed by the employee — sufficiency of notice under Employers' Liability Act.*

1. The risks occasioned by the failure of an employer to supply statutory safeguards are not, as a matter of law, assumed by an employee, though he has full knowledge of such failure. (*Fitzwater* v. *Warren*, 206 N. Y. 355, followed.)

2. Under the Employers' Liability Act (L. 1902, ch. 600, § 2) a notice of the place of an injury which it is claimed has occurred by reason of slipping upon a greasy floor and by falling upon the cogs of the revolving wheels of a machine not properly guarded should be sufficiently accurate to enable the employer to identify the machine. A notice stating the wrong machine fails to give the employer correct information of the employee's claim.

*Welch* v. *Waterbury Co.*, 144 App. Div. 213, reversed.

(Argued October 31, 1912; decided November 26, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 19, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer.

The facts, so far as material on this appeal, may be found in *Welch* v. *Waterbury Co.* (144 App. Div. 213), and the same case on a former appeal (136 App. Div. 315).

*Martin T. Manton* and *William H. Griffin* for appellant. The notice under the Employers' Liability Act was sufficient; such notice was duly served on defendant, and its exclusion was error. (*Valentino* v. *Garvin Machine Co.*, 139 App. Div. 139; *Bertolami* v. *U. E. & C. Co.*, 198 N. Y. 71; *Smith* v. *Milliken Bros.*, 200 N. Y. 21; *Foster* v. *Crooker Co.*, 142 App. Div. 268; *Matrusciello* v. *Milliken Bros.*, 129 App. Div. 661; *Hurley* v. *Olcott*, 134 App. Div. 631; 198 N. Y. 132; *Impellizzieri* v. *Crawford*, 141 App. Div. 755; *Martin* v. *W. & W. Mfg. Co.*, 198 N. Y. 324; *Finnigan* v. *N. Y. Cont. Co.*, 194 N. Y. 244; *Young* v. *Bradley & Son*, 129 App. Div. 678.) Assumption of risk by plaintiff was a question for the jury under common-law principles. (*Diamond* v. *P. M. Mfg. Co.*, 97 App. Div. 43; *Dorney* v. *O'Neil*, 60 App. Div. 19; *Johansen* v. *Eastman Co.*, 44 App. Div. 270; *Dowd* v. *N. Y., O. & W. R. R. Co.*, 170 N. Y. 459; *Fox* v. *Le Comte*, 2

App. Div. 61; 153 N. Y. 680; *Griffin* v. *Ithaca St. R. Co.*, 62 App. Div. 551; *Dodd* v. *Bell*, 15 App. Div. 258; *Smith* v. *Baker*, L. R. [App. Cas. 1891] 325; *Jenks* v. *Thompson*, 179 N. Y. 20; *O'Brien* v. *Buffalo Furnace Co.*, 183 N. Y. 317; *Wells* v. *Celluloid Co.*, 175 N. Y. 401; *Davidson* v. *Cornell*, 132 N. Y. 228.)

*Charles Capron Marsh* for respondent. The notice served upon defendant does not comply with the requirements of the Employers' Liability Act in that it states incorrectly both the place and cause of the accident. For this reason the notice was insufficient and was properly excluded. (*Valentino* v. *Garvin Machine Co.*, 139 App. Div. 140; *Miller* v. *Solvay Process Co.*, 109 App. Div. 135; *Ortolano* v. *Degnon Contracting Co.*, 120 App. Div. 59; *Hughes* v. *Russell*, 104 App. Div. 144; *Droge* v. *Robins Co.*, 123 App. Div. 537; *Carson* v. *Standard Refrigerator Co.*, 138 App. Div. 723; *Carlin* v. *N. Y., N. H. & H. R. R. Co.*, 137 App. Div. 71; *Pratt* v. *McKee*, 147 App. Div. 72; *Simpson* v. *Foundation Co.*, 132 App. Div. 375; 201 N. Y. 479; *Glynn* v. *N. Y. C. & H. R. R. Co.*, 125 App. Div. 186; *Bovi* v. *Hess*, 123 App. Div. 389.) The plaintiff knew for a long time prior to the accident of the slippery condition of the iron plate on which he slipped; knew of the uncovered cogwheels and of the conditions as to light; he continued his work without complaint, and, therefore, assumed the risk and cannot recover. (*Larsen* v. *Lackawanna Steel Co.*, 138 App. Div. 375; *Rosa* v. *Volkening*, 64 App. Div. 426; *Bauer* v. *E. S. Dairy Co.*, 115 App. Div. 71; *Wynkoop* v. *L. V. Mfg. Co.*, 196 N. Y. 324; *Cudahy Packing Co.* v. *Marcan*, 9 Am. Neg. Rep. 670; *Milligan* v. *Clayville Knitting Co.*, 137 App. Div. 383; *Knisley* v. *Pratt*, 148 N. Y. 372; *Clark* v. *Barnes*, 37 Hun, 390; *Koehler* v. *S. S. Mfg. Co.*, 12 App. Div. 50; *Rice* v. *N. Y. C. & H. R. R. Co.*, 55 App. Div. 339; *Bauman* v. *Schrumpf*, 142 App. Div. 68.)

CHASE, J. The plaintiff, as an employee of the defendant, while rightfully in a passageway adjoining machinery used in the business of the defendant, slipped and in falling caught his hand between cogwheels revolving on one of said machines and sustained injuries for which this action is brought.

The notice served upon the defendant by the plaintiff did not sufficiently comply with the Employers' Liability Act (Laws of 1902, chap. 600, § 2) to sustain an action under the provisions thereof.

The notice was not simply informal, inartistic and vague, but wholly wrong in a material part. It stated a definite place where the accident occurred. The place as stated therein appears in the quotation therefrom as follows: "That because of the greasy and slippery and defective condition of the floor around and about the machine at which he was at work, he slipped and his left hand was caught in said machine." It subsequently and while the action was pending appeared that the slippery condition of the floor was around and about, and the injury to the hand occurred at another and different machine adjoining an aisle through which the plaintiff was walking at the time of the accident.

A notice of the place of an injury which it is claimed has occurred by reason of slipping upon a greasy floor and by falling upon the cogs of the revolving wheels of a machine not properly guarded should be sufficiently accurate to enable the employer to identify the machine. A notice stating the wrong machine, even if it is located in the same factory as the right one, is not only misleading but it fails to give the employer any correct information of the employee's claim to enable him from the notice to investigate the same.

The action can be maintained as one at common law, and the plaintiff relies largely upon the mandatory provisions of the Labor Law (Consolidated Laws, chapter 31). Section 81 of the Labor Law is as follows:

"All * * * cogs, gearing, * * * shafting * * * and machinery, of every description, shall be properly guarded."

The defendant claims that the cogs, gearing, shafting and machinery so used by it were properly guarded, but upon all the facts and circumstances relating to its exposure, as disclosed by the record, that was a question of fact to be determined by the jury. (*Scott* v. *International Paper Co.*, 204 N. Y. 49.)

The risks occasioned by the failure of the employer to supply statutory safeguards were not, as a matter of law, assumed by the employee, though he had full knowledge of such failure. (*Fitzwater* v. *Warren*, 206 N. Y. 355.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

GRAY, J. Whether the plaintiff's action is maintainable under the statute regulating the employer's liability, or at common law, in either case, I think that there should be a reversal of the judgment dismissing the complaint and that a new trial should be ordered.

I think that the notice served by the plaintiff upon the defendant was sufficient within the requirements of the Employers' Liability Act; inasmuch as it sufficiently apprised the latter of the time, place and cause of the injury complained of. Within the rule, as stated in *Smith* v. *Milliken Bros., Inc.* (200 N. Y. 21), if there was a lack of definiteness with regard to the place of the happening of the accident, it was not so serious as to invalidate the notice. The plaintiff stated that he was injured while in defendant's "employ at his factory * * * on the 25th day of January, 1907. That because of the greasy and slippery and defective condition of the floor around and about the machine at which he was at work, he slipped and his left hand was caught in said machine, thereby amputating three fingers and part of said hand.

That said accident was caused by reason of your careless-ness and negligence in permitting and allowing the said floor about said machine to become slippery and oily * * * also by reason of the defective condition of the ways, works and machinery connected with and used in your business and because of your failure to comply with chapter 600 of the laws of 1902." This notice was served fifteen days after the accident. It subsequently appeared by a bill of particulars and by the evidence that the machine by which he was injured was not the one at which he worked. He was, at the time, going along a passageway between machines in the same room in which he worked, when he slipped and, in an effort to save himself, thrust his hand out, and into, the unguarded gearing of a machine. The plaintiff incorrectly described the particular machine, from which he received his injury; but that could not have misled the defendant in his investigation of the occur-rence. It was the defective condition of the passageway, which had been allowed to become slippery from grease and oil, in connection with the unguarded gearing, that occasioned the accident and the defendant's attention and inquiry were sufficiently excited and directed by the notice he received.

If we regard the action as enforcing a common-law lia-bility, then, I agree that the case is controlled by our deci-sion in *Fitzwater* v. *Warren*, (206 N. Y. 355). That decision, squarely, overrules the case of *Knisley* v. *Pratt*, (148 N. Y. 372). In *Knisley* v. *Pratt*, it was held that an employé may assume the obvious risks of the business, as well under the Factory Act as at common law. The case, in its facts, was not dissimilar to the present one and had stood as authority until the *Fitzwater* case. Under the *Fitzwater* case this court now holds that, where the employer has failed to properly guard cogs, gearing, shafting, or machinery, as required by the Labor Law, (sec. 81), the employé, who, voluntarily, entered his service, notwithstanding his knowledge of the risks

from the former's failure to do so, does not assume them.

WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur with CHASE, J.; WERNER, J., concurs with GRAY, J.; CULLEN, Ch. J., absent.

Judgment reversed, etc.