think that the evidence fails to establish this. One of the witnesses called by plaintiff, a splicer, after testifying on his direct examination that he had never seen any splicer using gloves, and that the work could not *very well* be done with them, admitted on cross-examination that:

"It could be done. The rule required us to do it. We used our own judgment as to whether or not we would obey the rule, or take the risk of not obeying it."

The other witness, who was a splicer's helper, and who testified on his direct examination that he had never seen splicers wear rubber gloves prior to the date of the accident, on cross-examination admitted that he did not know what the other men did. But in any event there is no evidence that this infraction of the rule, if it was of common occurrence, was ever brought to the attention of the superiors of those thus disobedient.

The judgment and orders should be reversed, and a new trial granted; costs to abide the event. As the record contains all of the exceptions taken by either party, and as no error is found in either of the rulings adverse to plaintiff, if plaintiff deems that it will facilitate a speedy determination of this controversy to direct judgment in favor of defendants, instead of ordering a new trial, application may be made to this court for an order to that effect. All concur.

---

(158 App. Div. 438.)

### GROSS v. LIDGERWOOD MFG. CO.

(Supreme Court, Appellate Division, Second Department. September 23, 1913.)

MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—EVIDENCE—GUARDING MACHINE.

In an action by an employé for injuries received from a machine which was not guarded as required by Laws 1909, c. 36 (Consol. Laws 1909, c. 31) § 81, it was error to sustain objections to questions whether it was customary to guard such a machine, and whether it could be guarded and still have performed its work properly, since the answers might have shown that it was not practicable to guard the machine.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

Appeal from Trial Term, Kings County.

Action by Sam Gross against the Lidgerwood Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Jackson A. Dykman, of Brooklyn, for appellant.
James P. Kohler, of Brooklyn, for respondent.

BURR, J. On August 19, 1911, while plaintiff was in defendant's employ, his hand was caught between the shaft and a piece of metal, variously called a "cone" or a "face plate," on a machine upon which he was working. For resulting injuries he brings this action, and de-

fendant appeals from a judgment against it, and from an order denying a motion for a new trial.

The statute provides that:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description, shall be properly guarded." Consolidated Laws, c. 31 (Laws 1909, c. 36) § 81.

One of the allegations of the complaint was failure to guard the shaft at the point where the injury was caused, and the learned trial court submitted to the jury the question, among others, "whether or not this machine was properly guarded," and at the request of plaintiff's counsel further instructed the jury:

"That the risks occasioned by the failure of the employer to supply the statutory safeguards, above referred to, were not as matter of law assumed by the employé, though he had full knowledge of such failure." Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, 42 L. R. A. (N. S.) 1229.

"A machine that is maintained wholly without guards is presumptively contrary to the statute. The burden of showing that it is impracticable to guard a machine, or that its location removes it from danger to employés, is upon the person or corporation maintaining it." Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413.

While defendant was examining as a witness the manager of its works, who had had 23 years' experience in that position, he was asked:

"Is it customary to guard a machine, where the gears have to be shifted in that way?"

And again:

"Is there any way by which that machine, at that point, could have been guarded, and carry on the work properly?"

To each of these questions objection was made, although not specifically upon the form of the question, the objection was sustained, and defendant excepted. Construing these questions together, it is apparent that the answers which they would have elicited might have shown that it was not practicable to guard these cogs, and that the statute, which only required defendant to "properly" guard the same, had no application. Such evidence would be competent.

Without further discussion, I advise that the judgment and order appealed from be reversed, and a new trial granted; costs to abide the event. All concur.