(170 App. Div. 254)

CLOONAN v. ARTHUR McMULLEN CO.

(Supreme Court, Appellate Division, Second Department.  December 17, 1915.)

1. MASTER AND SERVANT ⊂⊃252—ACTIONS FOR INJURIES—CONDITIONS PRECE-
DENT—NOTICE OF INJURY.

Labor Law (Consol. Laws, c. 31) § 201, as amended by Laws 1910, c. 352, provides that no action for injury or death under that article shall be maintained, unless notice of the time, place, and cause of the injury is given the employer, and that no notice shall be deemed to be invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of the injury, if it be shown that there was no intention to mislead, and that the party entitled to notice was not in fact misled. A notice of an injury sustained by an employé engaged on the work of constructing an abutment for a bridge at 131st street and the Harlem River stated that the injury was sustained in and about the construction of the foundation of an abutment and bridge at or near 225th street and the Harlem River.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There was evidence that only one abutment was being built at the time. *Held*, that this evidence showed that there was no intention to mislead, and that the employer was not in fact misled, and the notice was valid.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. &#x21ba;252.]

2. MASTER AND SERVANT &#x21ba;286—ACTIONS FOR INJURIES—QUESTIONS FOR JURY.

A gang of men were excavating in a work chamber 60 feet below the ground. Their foreman gave a signal to lower an iron bucket through the shaft to such chamber. At that moment the shoring gave way and started to settle, and water came in the chamber, and the foreman ordered the workmen to ascend a rope ladder leading through the shaft to the surface, but did not countermand his previous order to have the bucket lowered, though there was a customary and well-understood stopping signal. The bucket struck and killed one of the men as he was ascending the ladder. *Held*, that whether the foreman was negligent in failing to give a signal to stop the descent of the bucket, so as to make the employer liable, was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. &#x21ba;286.

Appeal from Trial Term, Kings County.

Action by Mary Cloonan, as administratrix of John Mulkerrin, deceased, against the Arthur McMullen Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Vine H. Smith, of New York City, for appellant.

John C. Robinson, of New York City, for respondent.

STAPLETON, J. The defendant corporation was constructing an abutment for a bridge, planned to cross the Harlem River. It was sinking a cylindrical tube in the earth. The plaintiff's intestate was one of a gang of four men who were excavating in a work chamber 60 feet below the ground. O'Malley was the foreman, intrusted with authority to direct, control, or command the other employés. They were working in compressed air. O'Malley gave the signal to lower an iron bucket through the caisson or shaft to the place where the gang were working. At that moment the shoring gave way and started to settle, and water came in the work chamber. The foreman, to avoid injury, ordered the workmen to ascend the rope ladder leading from the chamber through the caisson or shaft to the ground surface. When or after ordering the men up, he did not countermand his previous order to have the bucket lowered, although there was a customary and well-understood stopping signal. The bucket descended, and struck plaintiff's intestate as he was ascending the ladder, causing his death.

[1] The casualty occurred on the 19th day of June, 1913. A notice served under section 201 of the Labor Law (chapter 36, Laws of 1909, constituting chapter 31 of the Consolidated Laws as amended by chapter 352 of the Laws of 1910) was struck out, after having been received in evidence, because of an inaccuracy in stating the place of the accident. We reproduce the material portion of the notice:

"* * * In and about the construction of the foundation of an abutment and bridge at or near 225th street and Harlem River, city of New York, and on said day was engaged at work in a shaft with a gang of men excavating for the abutment of one side of said bridge."

The undisputed proof is that the structure was located at 131st street and the Harlem River. The defendant demanded in writing a further notice. The demand failed to specify the particular in which the first notice was claimed to be defective. It erroneously stated it .was defective in all essentials. The plaintiff did not comply with that demand. There is evidence that only one abutment was being built at the time. This is sufficient to show there was no intention to mislead the defendant and that it was not in fact misled thereby. Heffron v. Lackawanna Steel Co., 121 App. Div. 35, 41, 105 N. Y. Supp. 429. There is a distinction between the misleading effect of the inaccuracy in the notice we are considering and the inaccuracy of a statement by an injured employé himself that he was injured by an improperly guarded machine upon which he was working, when in fact he was injured by another one of a number of machines in the employer's place of business. See Welch v. Waterbury Co., 206 N. Y. 522, 100 N. E. 426. The validity and sufficiency of the notice should be tested by regarding the existing facts in each case. We deem the notice valid.

[2] We are of opinion that the jury could properly say that the foreman was negligent in failing to give the signal to stop the descent of the bucket when or after he directed the workmen to ascend the ladder. For such negligence the employer is liable. Section 201, Labor Law, ut supra.

The judgment should be reversed, and new trial granted; costs to abide the event. All concur.