EDWARD M. JOHNSON, Respondent, *v.* INDIES NAVIGATION COMPANY, Appellant.

Second Department, June 9, 1922.

Ships and shipping — negligence — action by longshoreman for personal injuries received in falling through hatchway — plaintiff knew location of open hatchway — verdict of jury that plaintiff was free from contributory negligence contrary to evidence.

In an action to recover for personal injuries received by the plaintiff, a shore employee of the defendant, in falling through an open hatchway on a vessel lying alongside the defendant's dock, in which the plaintiff claims that he was on the vessel by invitation and fell owing to lack of light, both of which claims the defendant denies, a finding of the jury that the plaintiff was free from contributory negligence is contrary to the evidence, where it appears that the hatch was ten feet square with solid deck space fifteen feet in width on either side; that the plaintiff knew the open hatch was there, having passed it frequently while on errands about the ship; that just prior to the accident plaintiff had walked by the open hatch, and while following parties who were assisting an injured man, he fell through the hatch sustaining the injuries sued for, and it further appears that the plaintiff's explanation for his failure to see the hatch was that he was not looking for it.

APPEAL by the defendant, Indies Navigation Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on or about the 22d day of December, 1921, upon the verdict of a jury for $3,500, and also from an order entered in said clerk's office on or about the 27th day of December, 1921, denying defendant's motion for a new trial made upon the minutes.

*Walter L. Glenney* [*E. W. Bovard* and *Bertrand L. Pettigrew* with him on the brief], for the appellant.

*Benjamin Reass* [*Lawrence J. McGoldrick* with him on the brief], for the respondent.

KELLY, J.:

The plaintiff, a shore servant of the defendant corporation, has recovered a judgment against his employer for damages resulting

from a fall through an unguarded hatchway on a vessel lying alongside defendant's dock and undergoing alterations and repairs. Plaintiff claims that he was lawfully on the vessel, and that owing to a lack of light he fell into the hatchway. The defendant's witnesses testified that plaintiff went on board the vessel simply to gratify his curiosity. One of the men working on the ship had fallen down the hatchway, and had been brought up out of the hold to the deck from which he fell. The foreman or assistant superintendent left the defendant's office on the dock to go on board to investigate the accident and plaintiff followed him — plaintiff says by his invitation, defendant says voluntarily. Defendant's witnesses testified that the space between decks was sufficiently lighted. Defendant insists that plaintiff's fall was due to his own carelessness.

In denying defendant's motion to set aside the verdict and for a new trial the learned trial justice filed a memorandum opinion in which he said: " The verdict is not in accord with my view of the case, but the evidence presents questions of fact which were solely for the jury to pass upon and their findings should not be disturbed."

We are of opinion that the verdict of the jury acquitting the plaintiff of contributory negligence was contrary to the evidence. The case was tried and submitted to the jury as an ordinary common-law action for damages for negligence. The jury were told that to justify a verdict for plaintiff he must prove that defendant was guilty of negligence and that he himself was free from negligence. That was the law of the case. The plaintiff knew of the open, unguarded hatchway. He testified that he had frequently passed it while going on errands about the ship. The open hatch was ten feet square, located some eight or ten feet from a port or opening on the side of the vessel about eight feet wide. There was a solid deck space fifteen feet in width on either side of the open hatch. There was no cargo on the vessel, the deck contained the tools and appliances of the men who were working on the ship and the hatch covers were standing on edge up against the side of the ship. When plaintiff went up the gangway and in through the port he saw the man who had previously fallen into the hatch standing on the other side of the open hatch. Evidently there was light enough for him to see the man and he could not well see the man without seeing the open hatch between him and the injured party. But this is not all. On his visit to the boat he followed the assistant superintendent, who went on board and who proceeded with another man to help the injured man off the vessel. Plaintiff walked behind them, according to his story, and although there was fifteen feet clear deck space between the opening and the side of the ship, he says: " I

turned around, I started to walk, and I walked into the hatch." He says he walked about fifteen feet before he stepped into the hatch, and asked: " Q. While you walked that fifteen feet, did you look for the hatch? " answered, " No, I was not looking for it. Q. What is the answer? A. I say I was not looking for any hatch, I was not thinking about looking for the hatch." I think the verdict of the jury that plaintiff was free from contributory negligence is contrary to his own evidence. Attracted by the first accident, he walked up to the injured man and to reach him used one of the spaces between the hole and the side of the steamer, fifteen feet in width. He knew the open hatch was there. He had passed it frequently before the day of the accident. He passed it in going to the injured man. The injured man had fallen down this identical hatch. Plaintiff, following the parties who were assisting the man, stepped into the very hatch that had caused the first injury, and his explanation is, " I was not looking for it."

Where a laborer is actually engaged in work which may necessarily divert his attention from dangerous conditions, there may be a question for the jury whether his failure to observe an opening such as this is necessarily negligence. Such was *Bishop* v. *Atlantic Stevedoring Co.* (199 App. Div. 941), recently decided by this court, and the reason for the rule is discussed in *Fitzwater* v. *Warren* (206 N. Y. 355); *Dowd* v. *N. Y., O. & W. R. Co.* (170 id. 459); *Davidson* v. *Cornell* (132 id. 228); *Johnston* v. *Fargo* (184 id. 379); *Felcin* v. *Society of N. Y. Hospital* (155 App. Div. 545). (See, also, *Rooney* v. *Brogan Construction Co.*, 194 N. Y. 32.) The evidence of defendant's witnesses was that plaintiff was not requested to go on board the ship, that he followed the assistant superintendent voluntarily as a matter of curiosity, and that there was ample light between decks. One of these witnesses testified that plaintiff, instead of using the passages between the hatch and the side of the vessel, attempted to run across a plank which had been placed across the open hatch and fell into the opening. Other witnesses for defendant testified that the superintendent, seeing the plaintiff standing looking on, told him to get the carpenter, and that plaintiff stubbed his toe on the coaming around the hatch and fell in. This is not plaintiff's story of the accident, but in either case there appears to be no excuse for his falling into the open hatch which he knew was there.

The judgment and order should be reversed upon the facts and a new trial granted, with costs to appellant to abide the event.

BLACKMAR, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Judgment and order reversed upon the facts and a new trial granted, with costs to the appellant to abide the event.