## KOLENKO v. CERTAIN–TEED PRODUCTS CORPORATION.

District Court, W. D. New York.

Oct. 14, 1937.

William L. Clay, of Rochester, N. Y., for plaintiff.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y. (Caspar V. Baltensperger, of Rochester, N. Y., of counsel), for defendant.

BURKE, District Judge.

This is an action to recover for personal injuries and one that is commonly designated as a silicosis case. The complaint contains two causes of action. The first cause of action is based upon failure upon the part of the defendant, an employer, to comply with certain provisions of the Labor Law (Consol.Laws, c. 31 [section 299]) enacted for the benefit of employees, relating to ventilation, heating, and humidity of factories and work rooms therein. The second cause of action is based upon negligence growing out of the same circumstances. The plaintiff moves to strike from the answer herein, in so far as they are pleaded as a defense to the first cause of action, as insufficient in law: (1) The defense alleging contributory negligence; (2) the defense alleging assumption of risk; (3) the defense alleging lack of care of competent fellow servants; (4) the defense alleging the statute of limitations; (5) the defense alleging the Workmen's Compensation Law (Consol.Laws, c. 67).

As to the defense of contributory negligence plaintiff relies on Stern v. Great Island Corporation, 250 App.Div. 115, 293

N.Y.S. 608, as authority for the proposition that the violation of a duty imposed by statute gives rise to a cause of action not based upon negligence, and that therefore contributory negligence may not be asserted as a defense. Violation of a statute imposing a duty to furnish safeguards for the benefit of employees is conclusive as to the negligence of the person charged with the violation. It does not follow, however, that the defense of contributory negligence is not available. In Amberg v. Kinley, 214 N.Y. 531, 108 N.E. 830, L.R.A. 1915E, 519, cited by the court in deciding the Stern Case, supra, the New York Court of Appeals approved a charge of the trial court to the effect that in an action by the legal representative to recover for the death of decedent resulting from failure to provide fire escapes on a factory according to the requirements of the Labor Law, that negligence was established as a matter of law by his failure to provide a fire escape and that the jury should find a verdict for the plaintiff *unless it found that the defendant had been negligent and that his negligence had contributed to the accident.* (Italics mine.) In that case the court plainly indicated that it considered the action as one based upon the statute requiring the erection of fire escapes in factories for the benefit of employees but, nevertheless, it still approved the charge which held freedom from contributory negligence an element necessary to recovery. I have been unable to find any later ruling of the New York Court of Appeals which would indicate otherwise. Maleeny v. Standard Shipbuilding Corporation, 237 N.Y. 250, 142 N.E. 602, was an action by a laborer to recover for injuries suffered when a scaffold on which he was working broke. In that case there was a violation of the New York Labor Law (section 240) requiring an employer to furnish a safe scaffold. The court held that the common-law rule of contributory negligence was applicable.

The defense of assumption of risk is not insufficient in law in an action based upon the violation of a statutory duty to furnish safeguards for the benefit of employees. Whether or not the risk was one that was assumed is a question of fact to be determined from the evidence. Even if we take the view that the doctrine laid down in Knisley v. Pratt, 148 N.Y. 372, 373, 42 N.E. 986, 32 L.R.A. 367, has been qualified, if not virtually overruled, as the court said it had been in Fitzwater v. Warren, 206 N.Y. 355, 99 N.E. 1042, 42 L.R.A. (N.S.) 1229, in the latter case the court held that assumption of risk was a fair question of fact for the jury. Only when the language of the statute imposing the duty manifests an intention of depriving the employer of the defense of assumption of risk is he prevented from invoking it. Gombert v. McKay, 201 N.Y. 27, 94 N.E. 186, 42 L.R.A.(N.S.) 1234. The defense of assumption of risk is available to an employer, although it may be difficult to establish where an absolute duty to furnish safeguards for the benefit of employees has been imposed by statute. In Fitzwater v. Warren, supra, it was said that the courts should be loath, except in a clear case, to hold that an employee assumes the risk of his master's violation of the law. I take it that this can only mean that, if a sufficiently clear case could be established by the defendant, assumption of risk would defeat plaintiff's right to recover.

On the argument it was agreed between counsel that the defense setting up the fellow-servant rule should be stricken out as to the first cause of action.

Although the plaintiff moved to strike out the defense of the statute of limitations, his counsel conceded on the argument and in the memorandum filed that this defense was properly pleaded.

The complaint is sufficiently broad to allow proof of employment and exposure after the effective date of the amendment to the New York Labor Law (Workmen's Compensation Law, § 65 et seq.) covering all occupational diseases and after the effective date of the amendment covering injuries due to the inhalation of silica dust. It would also allow proof of injuries compensable under the Workmen's Compensation Law (section 3) even before those amendments. The defense of the Workmen's Compensation Law is therefore properly pleaded.

The motion to strike out the defense alleging the fellow-servant rule in so far as it is pleaded as a defense to the first cause of action is granted and in all other respects the motion is denied.